IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-12-2267 |
| WARDEN | * | |
| Defendant | * | |

***

## MEMORANDUM

Plaintiff's court-ordered supplement was filed on August 27, 2012. ECF No. 3. Despite the court's directive, the supplement does not include a motion for leave to proceed in forma pauperis and was not submitted on the pre-printed forms provided. The supplement, labeled "omnibus motion and complaint," names as defendants: Baltimore County Government (Baltimore County Bureau of Corrections), Sgt. Johnson, P.A. Johnson, and Ms. Parrish. *Id*. at p. 1. The Baltimore County Government and its Department of Correction is not a proper defendant because it is not a "person" within the meaning of 42 U.S.C. §1983 prohibiting any person acting under color of state law from depriving civil rights.

The allegations against the named defendants are as follows. As to Sgt. Johnson plaintiff asserts he has "been trying to get me to align myself with gangs." ECF No. 3 at p. 1. In addition he states he was called to classification on July 24, 2012, at Johnson's request and he was seen by Ms. Parrish. Plaintiff claims Parrish talked on the phone and then told him to call his lawyer, although he did not have one. He called a public defender whom he claimed he had fired and states he "believes the jail contacted her . . . and talked on my behalf without my knowledge." *Id*. at p. 2.

With respect to P.A. Johnson, plaintiff claims that on July 17, 2012, Johnson "purposely held me in a bull pen from 11:00 a.m. to 3:00 p.m." so he could not contact anybody. *Id*. He claims he had a court hearing that day which he did not attend and the charges were dismissed. Plaintiff states a similar incident occurred a week earlier, July 10, 2012, when the "sheriffs" purposely took him to court at 10:00 a.m.

Plaintiff claims that Parrish also sent someone to his cell to tell him he was not going home on August 10, 2012. He states that officers stationed "in the bubble" on his housing unit are misusing computers at their workstations by changing court dates, giving information out about inmates, and doing favors for gang members. *Id*. at pp. 2 – 3. Plaintiff claims that because the Detention Center permits money orders to be sent in to detainees at any time, officers are better able to provide favorable treatment to certain detainees over others, choosing when and to whom money is distributed. He also claims mail is not given directly to detainees but instead is filtered through classification.

Plaintiff claims he has not been permitted to consult with clergy or access educational programs since his confinement. He believes various religious groups and racial groups are pitted against one another by correctional staff and if an inmate chooses not to align themselves with one group or another, he is cut off from all communication. Plaintiff further claims the meals are inadequate for a grown man. *Id*. at p. 3.

Finally, plaintiff claims that certain officers have raided his property and stole his legal mail five times and on three occasions had other inmates do it. Additionally plaintiff claims they have tampered with his food, called him names, and have "fabricated events." *Id*. at p. 4. He states Parrish put him in harm's way by putting plaintiff in a cell next to an inmate who had

threatened to throw urine on plaintiff, kicked the wall all night, threatened to attack plaintiff, and stuck paper through a crack in the wall between the two cells. *Id.*

Plaintiff claims that denial of access to the library and his ability to obtain only 5 stamps a week violates his freedom of speech and right to petition the courts. He alleges officers tampering with court dates is cruel and unusual punishment and denies due process. Plaintiff asserts that the restriction on outgoing and incoming mail is extortion punishable under Maryland law and withholding the money violates the Eighth Amendment as well as due process.

Under 28 U.S.C. §1915(e)(2), governing proceedings in forma pauperis, this "court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The complaint as supplemented must be dismissed under this standard. The claims asserted do not state a cognizable claim upon which relief may be granted.

In order to state a claim for denial of access to courts, plaintiff must establish that he suffered actual harm. "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.' *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis* 518 U.S. at 349 (1996). The instant complaint falls short of establishing that restriction on plaintiff's access to the library and

the limit of five stamps per week have resulted in an unconstitutional burden on his access to courts. Plaintiff has been a prolific litigator in this court since the inception of his incarceration. *See e.g.,* Civil Action Nos. JFM-12-2124, JFM-12-2239, and JFM-12-2240. Thus, his claim of denial of access to the courts shall be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's allegations that officers are tampering with court hearing dates and deliberately keeping him from attending hearings are based solely on his speculation that access to computers by correctional personnel has enabled them to manipulate court schedules. This court is permitted to take judicial notice of matters of common knowledge; access to a computer does not empower its user to access internal scheduling programs available to court personnel. To the extent plaintiff missed a court hearing date he does not allege that he was harmed; rather, he states the charges against him were dismissed. The claim must be dismissed.

Plaintiff's claims concerning outgoing and incoming mail and his allegations regarding property being taken from him fail. Restrictions on incoming and outgoing mail in a jail or prison setting are permissible to the extent there is no resulting injury to a constitutionally protected activity. Occasional incidents of delay or non-delivery of mail, without proof of injury, do not rise to a constitutional level. *See Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997); *Smith v. Mashner*, 899 F.2d 940, 944 (10th Cir. 1990). Additionally, restrictions on property and random searches of property are permissible in the correctional setting. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek

damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1]  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2]

To the extent plaintiff is raising a conditions claim, the constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "Due process rights of a pretrial detainee are at least as great as the Eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992), *citing Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988); *see also Riley v. Dorton*, 115 F. 3d 1159, 1167 (4th Cir. 1997) (pre-trial detainee's Fourteenth Amendment right with respect to excessive force is similar to prisoner's Eighth Amendment right; both require more than *de minimus* injury).  The inquiry with respect to the conditions alleged is whether or not those conditions amount to punishment of the pre-trial detainee, because due process proscribes punishment of detainee before proper adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "[N]ot every inconvenience that is encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988).

A particular restriction or condition of confinement amounts to unconstitutional punishment in violation of the Fourteenth Amendment if it is imposed by prison officials with the express intent to punish or it is not reasonably related to a legitimate, non-punitive goal. *Bell*, 441 U.S. at 538–39(restrictions or conditions that are arbitrary or purposeless may be considered punishment).  In determining whether the challenged conditions amount to punishment, it is not

---

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

the province of this court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given its due deference. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995). Plaintiff's assertions regarding mail delivery, placement of computers at work stations, and access to educational programs do not state a constitutional claim. He has not alleged an injury resulting from any of these practices, nor has he established that the purpose of the challenged policies or practices is to punish.

Moreover, plaintiff's claims regarding detention center policies are stated in general terms and appear to be raised on behalf of other inmates which he is not empowered to do. Although he mentions access to religious clergy, for example, he does not claim that his religious freedom has been abridged. To state a civil rights claim, a prisoner must allege that he, himself, sustained a deprivation of right, privilege, or immunity secured by Constitution or federal law. *See Inmates v. Owens*, 561 F.2d 560, 563 (4th Cir. 1977). To demonstrate standing plaintiff must allege personal injury fairly traceable to defendants' alleged unlawful conduct which is likely to be redressed by the requested relief. *See Allen v. Wright*, 468 U.S. 737, 751 (1984). Plaintiff simply has no standing to assert the rights of another inmate who may have suffered harm as the result of a constitutional violation.

Plaintiff's allegations that correctional officers are verbally abusive to him also do not state a claim. Verbal abuse of inmates by correctional staff, without more, states no claim. *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979); *see also Carter v. Morris*, 164 F. 3d 215, 219, fn. 3 (4th Cir. 1999) (rejecting use of racial epithets as a basis for constitutional claim).

Plaintiff's claim regarding the assignment of an inmate to a cell next to his who threatened to throw urine on him does not state a claim. There is nothing in the complaint indicating that correctional staff knew of a threat to plaintiff's life and disregarded it, nor is there

any indication that the inmate in the next cell could have caused plaintiff harm simply by virtue of his proximity. *See Parrish ex rel. Lee v. Cleveland*, 372 F. 3d 294, 303 (4th Cir. 2004) (liability of failing to protect a pre-trial detainee from the violence of other inmates requires a showing that the official subjectively recognized a substantial risk of harm and failed to take appropriate action in light of that risk).

Having found that the complaint together with the supplemental pleading fails to state a claim upon which relief may be granted, it shall be dismissed by separate order which follows. Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by plaintiff while incarcerated that has been dismissed for failure to state a claim.

__September 10, 2012__             ___/s/_____
Date                                               J. Frederick Motz
                                                      United States District Judge